**DELIVER THESE PAPERS TO YOUR
INSURANCE CARRIER IMMEDIATELY. YOUR
FAILURE TO DO SO MAY RESULT IN THE LOSS OF COVERAGE.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

YANIN ACOSTA,

                                 Plaintiff(s),

    v.

CRAIG DANIELS AND GLORIA DANIELS,

                                 Defendant(s).
------------------------------------------------------------------------X

Docket No.: 25-1167

Plaintiff requests a jury trial.

**COMPLAINT**

Plaintiff YANIN ACOSTA, by her attorney KATHLEEN LAW P.C., as and for her complaint against defendants CRAIG DANIELS AND GLORIA DANIELS, respectfully alleges, as follows:

## NATURE OF THE ACTION

1. Plaintiff's complaint is rooted in negligence, carelessness, and/or recklessness.

2. Plaintiff is seeking monetary damages for serious and severe personal injuries that she sustained in a motor vehicle collision.

## THE PARTIES

3. Plaintiff, at all times herein mentioned, was and still is a resident of the County of Miami-Dade, State of Florida.

4. Defendant CRAIG DANIELS, at all times herein mentioned, was and still is a resident of the County of Queens, State of New York.

5. Defendant GLORIA DANIELS, at all times herein mentioned, was and still is a resident of the County of Queens, State of New York.

## JURISDICTION AND VENUE

6. The parties are citizens of different states.

7. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

8. The foregoing confer this court with original jurisdiction over the subject matter of this complaint and over parties hereto, pursuant to 28 U.S. Code § 1332.

9. Venue is proper and appropriate in the United States District Court Eastern District of New York, pursuant to 28 U.S. Code § 1391(b)(1), because the defendants reside in the County of Queens, State of New York New York and resided thereat at the time of the subject incident.

10. Venue is proper and appropriate in the United States District Court Eastern District of New York, pursuant to 28 U.S. Code § 1391(b)(2), because the motor vehicle collision, which is the subject matter of this action, occurred in the County of Queens, State of New York.

## FACTUAL BACKGROUND & CAUSE OF ACTION

11. On December 20, 2023, defendant GLORIA DANIELS was the owner of a certain vehicle bearing New York State License Plate No. LBX8393.

12. On December 20, 2023, defendant GLORIA DANIELS was the registered owner of a certain vehicle bearing New York State License Plate No. LBX8393.

13. On December 20, 2023, defendant GLORIA DANIELS was the titled owner of a certain vehicle bearing New York State License Plate No. LBX8393.

14. On December 20, 2023, defendant GLORIA DANIELS was the lessor of a certain vehicle bearing New York License Plate No. LBX8393.

15. On December 20, 2023, defendant GLORIA DANIELS was a lessee of a certain vehicle bearing New York State License Plate No. LBX8393.

16. On December 20, 2023, defendant GLORIA DANIELS maintained a certain vehicle bearing New York State License Plate No. LBX8393.

17. On December 20, 2023, defendant CRAIG DANIELS maintained a certain vehicle bearing New York State License Plate No. LBX8393.

18. On December 20, 2023, defendant CRAIG DANIELS operated a certain vehicle bearing New York State License Plate No. LBX8393.

19. On December 20, 2023, defendant CRAIG DANIELS operated a certain vehicle bearing New York State License Plate No. LBX8393 with the permission of the defendant GLORIA DANIELS.

20. On December 20, 2023, defendant CRAIG DANIELS operated a certain vehicle bearing New York State License Plate No. LBX8393 with the knowledge of the defendant GLORIA DANIELS.

21. On December 20, 2023, defendant CRAIG DANIELS operated a certain vehicle bearing New York State License Plate No. LBX8393 with the consent of the defendant GLORIA DANIELS.

22. On December 20, 2023, defendant CRAIG DANIELS operated a certain vehicle bearing New York State License Plate No. LBX8393 on the business of the defendant GLORIA DANIELS.

23. On December 20, 2023, defendant CRAIG DANIELS operated a certain vehicle bearing New York State License Plate No. LBX8393 in the course and scope of his employment with the defendant GLORIA DANIELS.

24. At all times herein mentioned, it was the duty of defendant CRAIG DANIELS to operate his vehicle in a reasonably safe and suitable manner under the prevailing conditions, to avoid foreseeable injury to fellow motorists, including but not limited to the plaintiff herein.

25. At all times herein mentioned, it was the duty of defendant GLORIA DANIELS to maintain and entrust her vehicle in a reasonably safe and suitable manner under the prevailing conditions, to avoid foreseeable injury to fellow motorists, including but not limited to the plaintiff herein.

26. On December 20, 2023, at approximately 7:40 p.m., the plaintiff lawfully operating her vehicle bearing Massachusetts State License Plate No. 2LRN27, in the vicinity of 678I N/B Whitestone Expressway, 1/10 mile s/o 20th Avenue in Queens, New York.

27. On December 20, 2023, at approximately 7:40 p.m., defendant CRAIG DANIELS operated the vehicle bearing New York State License Plate No. LBX8393 in the vicinity of 678I N/B Whitestone Expressway, 1/10 mile s/o 20th Avenue in Queens, New York.

28. On December 20, 2023, at approximately 7:40 p.m., the vehicle operated by defendant CRAIG DANIELS struck the vehicle that was operated by plaintiff YANIN ACOSTA, bearing Massachusetts State License Plate No. 2LRN27, in the vicinity of 678I N/B Whitestone Expressway, 1/10 mile s/o 20th Avenue in Queens, New York.

29. The foregoing collision was due to the negligence, carelessness, and recklessness of defendants, their agents, servants, and/or employees in the ownership, maintenance, inspection, repair, operation, and entrustment of the vehicle bearing New York State License Plate No. LBX8393, in providing the vehicle to a driver when it was known that the driver was unfit to drive, in having actual and/or constructive notice of a defective condition and having a reasonable time to repair it, but failing to do so, in driving aggressively on the highway, in failing to adequately

maintain the vehicle, in failing to yield the right of way, in driving at an excessive speed, in failing to drive at a reasonable and appropriate speed for the roadway conditions then existing, in failing to stop, in failing to slow, in failing to wait, in failing to look, in failing to see that which was clearly there to be seen, in driving into another vehicle, in failing to warn, in failing to sound the horn, in failing to exercise due care, in failing to signal, in failing to yield to a vehicle that had the right of way, in making an unsafe lane change, in making an unsafe turn, in striking the plaintiff's vehicle, in failing to obey New York State Vehicle and Traffic Law, in failing to abide by New York rules, regulations, ordinances, and in all other ways the defendants were negligent.

30. Under New York Law, defendant GLORIA DANIELS, as owner of the motor vehicle bearing New York State License Plate No. LBX8393, is vicariously responsible and liable for the negligent and/or reckless operation of her motor vehicle by CRAIG DANIELS.

31. As a direct result of the above referenced motor vehicle collision, plaintiff YANIN ACOSTA was seriously injured.

32. The collision occurred as a result of the negligence and/or recklessness of defendants, their agents, servants, and/or employees, without any negligence attributable in any measure to plaintiff YANIN ACOSTA.

33. Plaintiff YANIN ACOSTA sustained a serious injury, as defined in subsection (d) of section five thousand one hundred two of the New York State Insurance Law.

34. Plaintiff YANIN ACOSTA sustained economic loss greater than basic economic loss, as defined in subsection (a) of section five thousand one hundred two of the New York State Insurance Law.

35. Plaintiff YANIN ACOSTA sustained economic loss greater than basic economic loss, as defined in subsection (a) of section five thousand one hundred two of the New York State Insurance Law.

36. By the aforesaid acts and omissions of the defendants, plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, pain and suffering, loss of earnings and future earning capacity, medical expenses, attorney fees, costs of suit, and other pecuniary loss not presently ascertainable for which the plaintiff will seek leave of the Court to amend once ascertained.

37. By the aforesaid acts and omissions of the defendants, plaintiff has been directly and legally caused to suffer numerous serious physical injuries, all of which individually, or in combination, satisfy the serious injury threshold.

38. As a further direct and legal result of the acts and conduct of the defendants, as aforesaid, plaintiff was caused to and did suffer from severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.

39. Plaintiff believes, and therefore alleges, that some, if not all, of her injuries are reasonably certain to be permanent in character.

40. Plaintiff hereby demands a trial by jury in the above-captioned action, of all issues triable by a jury, pursuant to the Federal Rule of Civil Procedure 38.

**WHEREFORE** plaintiff demand judgment against defendants, jointly, severally, individually, and/or vicariously, on each and every cause of action set forth herein for damages, costs, interest, counsel fees, as well as all other relief this court deems just and proper.

DATED: New York, New York
       February 28, 2025

                                          **KATHLEEN LAW P.C.**
                                          By: /s/ Kathleen E. Beatty

Kathleen E. Beatty, Esq.
Attorney for Plaintiff
Chrysler Building
405 Lexington Avenue, 26th Floor
New York, NY 10174
(917) 979-2392
Kathleen@kathleen-law.com
